OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Columbus Bar Association v. Schafer.
[Cite as Columbus Bar Assn. v. Schafer (1994),        Ohio St.3d      .]
Attorneys at law -- Misconduct -- Indefinite suspension --
      Conduct involving dishonesty, fraud, deceit or
      misrepresentation -- Conduct adversely reflecting on
      fitness to practice law -- Collecting a clearly excessive
      fee -- Neglect of an entrusted legal matter -- Failure to
      seek lawful objectives of client -- Failure to carry out
      contract of employment -- Conduct that prejudices or
      damages client -- Failure to uphold oath of office --
      Failure to cooperate with disciplinary investigation.
      (No. 93-2169 -- Submitted December 7, 1993 -- Decided February 23, 1994.)
      On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-62.
      On November 4, 1992, relator, Columbus Bar Association, filed a two-count complaint alleging misconduct against respondent, John Michael Schafer, last known address in Nantucket, Massachusetts, Attorney Registration No. 0032985. Both counts arose from the same incident, and together alleged violations of DR 1-102(A)(4) and (6) (conduct involving dishonesty, fraud, deceit or misrepresentation; conduct adversely reflecting on fitness to practice law); 2-106(A) (collecting a clearly excessive fee); 6-101(A)(3) (neglect of legal matter entrusted); 7-101(A)(1), (2) and (3) (failure to seek lawful objectives of client; failure to carry out contract of employment for professional services; conduct that prejudices or damages client); and Gov Bar R. I(7) (failure to uphold oath of office) and V (4)(G) (failure to cooperate with disciplinary investigation).
      Count 1 alleged that Randy M. Paternoster paid respondent a $250 retainer fee to handle a traffic matter. Paternoster never heard from respondent again and eventually had his driver's license suspended after respondent failed to take any action on his behalf. Paternoster lost his job as a company driver as a result, and was forced to undergo the additional expense of hiring a different attorney in order to have his

license suspension set aside.

In Count 2, relator alleged that beginning on February 14, 1993, it has repeatedly tried to serve respondent with the Paternoster grievance. Attempts to contact respondent by mail, hand delivery and other means, however, have been futile and respondent's whereabouts remain unknown.

Respondent's failure to answer the charges made against him prompted relator's motion for default on March 3, 1993. The motion was sustained on September 1, 1993 by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court. The panel subsequently found respondent, in effect, to have committed all violations alleged and recommended that he be indefinitely suspended from the practice of law in Ohio. The board adopted the findings and recommendation of the panel and also recommended that the cost of the proceedings be charged to respondent.

Geoffrey Stern, Disciplinary Counsel, and Bruce A. Campbell, Assistant Disciplinary Counsel, for relator.

Per Curiam. We concur in the findings and recommendations of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents and would publicly reprimand respondent.